UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LEONARD SOFSKY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AUBREY'S, INC., and AUBREY RANDOLPH BURLESON,<br><br>Defendants. | ) | No. 3:25-cv-563-CEA-MJD |

**MEMORANDUM AND ORDER**

This is a Fair Labor Standards Act ("FLSA") case, filed by Named Plaintiff Leonard Sofsky ("Plaintiff") against Defendants Aubrey's, Inc., and Aubrey Randolph Burleson ("Defendants"). Plaintiff filed this case on behalf of himself and other similarly situated individuals. He alleges Defendants violated the FLSA by, *inter alia*, failing to abide by rules concerning "tip credits" and mandatory minimum wage requirements. Currently before the Court is Plaintiff's Motion for Leave to Amend Complaint [Doc. 70 ("Motion")], which is accompanied by the proposed Second Amended Complaint [Doc. 70-1]. Defendants filed a response in opposition to the Motion [Doc. 74], and Plaintiff filed a reply in support [Doc. 76]. Neither party requested a hearing, and the Court finds a hearing is not necessary. The Court will **GRANT** the Motion as set forth below [Doc. 70].

**I. FLSA**

Under the FLSA, plaintiffs "may litigate federal minimum-wage and overtime claims on behalf of other 'similarly situated' employees." *Clark v. A&L Homecare and Training Ctr., LLC*, 68 F.4th 1003, 1007 (6th Cir. 2023) (quoting 29 U.S.C. § 216(b)). However, to participate in and

be bound by an FLSA lawsuit, the employee must "affirmatively choose" to join the lawsuit as a plaintiff, and the district court must find that each such employee is "similarly situated" to the original, named plaintiff. *Clark*, 68 F.4th at 1007, 1009. Because such employees may not be aware of the lawsuit, the United States Supreme Court "discerned in § 216(b) an implied judicial power, 'in appropriate cases,' to 'facilitate notice' of FLSA suits 'to potential plaintiffs.'" *Clark*, 68 F.4th at 1007 (brackets omitted) (quoting *Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169 (1989)). When requesting such court-facilitated, or court-authorized[1], notice to other employees, the original plaintiff is required to "show a 'strong likelihood'" that the other employees who will receive the notice are, in fact, similarly situated. *Clark*, 68 F.4th at 1011 (citation omitted). Often this means the other employees perform the same work tasks and are "subject to the same policies—as to both timekeeping and compensation—as the original plaintiffs." *Id.* at 1010. To enable the original plaintiff to identify such similarly-situated other employees who will receive the court-facilitated notice, district courts "may promptly initiate discovery" in connection with the named plaintiff's request for court-facilitated notice. *Id.* at 1011.

Thus, § 216(b) lawsuits often proceed in two phases: (1) first, the court addresses whether it will facilitate notice of the lawsuit and, if so, to whom; and (2) second, the court addresses the merits of the claims asserted by all of the plaintiffs who decide to join. This case remains in the first phase.

## II. BACKGROUND

Plaintiff filed the original complaint on November 19, 2025 [Doc. 1]. The only named defendant was Aubrey's, and the potential employees were limited to "tipped employees (such as

[1] Plaintiff uses the term "court-authorized," instead of "court-facilitated" when referring to the notice he is requesting. In this context, these terms are interchangeable.

servers and bartenders) at one or more of Defendant's Aubrey's restaurants." [Doc. 1 at Page ID # 1]. Plaintiff alleged that Aubrey's utilized the tip-credit provisions of the FLSA to pay Plaintiff (and other tipped employees) less than the minimum wage, but Aubrey's failed to satisfy certain requirements of the tip-credit provisions, including (1) failing to provide the required notice to tip-credit employees; (2) requiring tip-credit employees to perform non-tipped work; and (3) shifting "business expenses to Tip Credit Employees by requiring them to purchase uniforms and an apron." [Doc. 1 at Page ID # 2].

On March 16, 2026, the Court entered a scheduling order to govern phase one [Doc. 46]. It set a deadline of June 1, 2026, for discovery related to court-facilitated notice issues, and a deadline of June 29, 2026, for Plaintiff to file a motion for court-facilitated notice. On May 6, 2026, the Court granted the parties' joint motion to extend the phase one deadlines and to toll the claims of "the Opt-In Plaintiffs who join this action through any Court-facilitated notice." [Doc. 55 at Page ID # 276]. The close of phase one discovery was extended to July 10, 2026, and the deadline for Plaintiff's motion for court-facilitated notice was extended to August 7, 2026.

On July 2, 2026, Plaintiff filed an amended complaint with Aubrey's consent, pursuant to Rule 15(a)(2). [*See* Doc. 60]. The amended complaint added Aubrey Randolph Burleson as a defendant and expanded the class of potential plaintiffs to include tipped employees working at all restaurants owned and operated by Mr. Burleson (rather than just tipped employees at Aubrey's restaurants). The parties also filed another joint motion seeking to extend the phase one deadlines again to "allow sufficient time for Defendants to respond to Plaintiff's First Amended Collective Action Complaint and for the parties to conduct discovery following the amendment," which the Court granted [Doc. 61 at Page ID # 305; *see also* Doc. 59 (joint motion)]. The close of phase one

discovery was pushed to September 4, 2026, and the deadline for Plaintiff's motion for court-facilitated notice was pushed to October 16, 2026.

On September 10, 2026, Plaintiff filed the instant Motion [Doc. 70], seeking leave to file a second amended complaint [Doc. 70-1 ("SAC")]. Plaintiff explains that:

> This proposed amendment: (1) includes additional facts related specifically to Defendants' violations of the tip credit provisions of the [FLSA], 29 U.S.C. § 216(m), with respect to compensation of overtime hours; and (2) adds Jacquelyn Foss, a current Opt-In Plaintiff[2], who alleges that Defendants took a tip credit in excess of the amount permitted by the FLSA for overtime hours she and others similarly situated worked.

[Doc. 70 at Page ID # 346]. Plaintiff further explains that Defendants' pay records revealed that Plaintiff (Mr. Sofsky) never worked overtime hours, but Ms. Foss did.

The day after filing the Motion, Plaintiff also filed his Motion for Court-Authorized Notice to Potential Opt-in Plaintiffs [Doc. 72 (hereafter, "Notice Motion")], which is accompanied by several supporting documents, including Plaintiff's proposed notice and proposed consent forms. [*See* Doc. 72-1; Doc. 72-2; Doc. 72-3]. Plaintiff contends that the proposed changes reflected in the SAC "do not impact the notice or the definition of employees to whom notice is sought," and

---

[2] A number of so-called "Opt-In Plaintiffs" have already joined this suit by completing forms titled, "Consent to Become Party Plaintiff." These forms are different from the Court-facilitated notice that Plaintiff asks to send out to a larger group of similarly situated employees. Ms. Foss's Consent to Become Party Plaintiff form is filed at Docket No. 22-1 at Page ID # 123. The form reads:

"I hereby consent to become a party plaintiff in the above-captioned lawsuit asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b) et seq. I designate the Named Plaintiff listed in the caption above to act as my representative and to make decisions concerning the litigation, the method and manner of conducting this litigation, and entering agreement(s) with Plaintiff's counsel concerning attorneys' fees, costs, and all other matters pertaining to this lawsuit. I understand that I will be bound by the judgment of the Court as to all issues in this lawsuit, including the fairness of any settlement.

Plaintiff's counsel states that "Ms. Foss joined this case by returning a consent form after learning of the case from a former co-worker." [Doc. 76 at Page ID # 878].

so Plaintiff contemplated that the Motion would be granted when he filed the Notice Motion [Doc. 71 at Page ID # 363–64; Doc. 72 at Page ID # 367 n.2].

## III. ANALYSIS

Federal Rule of Civil Procedure 15 directs that, where an amendment is not made as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Factors relevant in determining whether leave should be denied include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003). "The standard for a motion to amend is governed by the general principle that 'cases should be tried on their merits rather than the technicalities of pleadings,' which is in turn moderated by the exception that judges should allow amendment only when doing so does not 'cause prejudice to the defendants' or undue delay." *Med. Ctr. at Elizabeth Place, LLC v. Atrium Health Sys.*, 922 F.3d 713, 732-33 (6th Cir. 2019) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). Nevertheless, to "deny a motion to amend, a court must find 'at least some significant showing of prejudice to the opponent.'" *Ziegler v. Aukerman*, 512 F.3d 777, 786 (6th Cir. 2008).

Defendants do not directly challenge the substance of the SAC; rather they argue they "will be unfairly prejudiced" if the Court allows the SAC without extending the current scheduling order deadlines [Doc. 74 at Page ID # 856], including reopening phase one discovery. Citing the new allegations in the SAC and representations made by Ms. Foss in her declaration submitted in support of the Notice Motion [Doc. 73-4], Defendants argue they should, at a minimum, be

permitted to depose Ms. Foss in order to be able to properly respond to the SAC. Defendants also imply that Plaintiff unduly delayed filing the Motion, considering that Ms. Foss joined the lawsuit in December 2025 as an Opt-In Plaintiff and that Aubrey's "produced Ms. Foss's time and payroll records with the data and records of other employees" in June and July 2026 [Doc. 74 at Page ID # 863].

Plaintiff contends that the overtime-related allegations do not represent a new claim that requires further discovery. Instead, according to Plaintiff, they reflect "facts learned in discovery that bolster the existing tip-credit notice allegations and facts of actions taken by Defendants during the course of this litigation." [Doc. 76 at Page ID # 874]. Moreover, Plaintiff argues, the overtime-related claims depend entirely on documents and information that have always been in Defendants' possession (*i.e.*, payroll records and knowledge about Defendants' payroll policies), and not "on any information in the possession of Ms. Foss or any other Plaintiff." [*Id.* at Page ID # 875].

Plaintiff also defends the timing of the Motion, emphasizing that the new allegations are premised at least in part on information he learned during the Rule 30(b)(6) deposition of Aubrey's corporate representative, which took place on August 13, 2026. Plaintiff provided a draft of the SAC to Defendants on August 25, 2026, with the hope of avoiding motion practice. According to Plaintiff, Defendants delayed responding to the proposal for ten days, and when Defendants finally did respond, they proposed a lengthy extension to the phase one discovery deadline. When Plaintiff asked a follow up question, Defendants then delayed responding for another five days. By then, phase one discovery had closed and Plaintiff's motion for court-facilitated notice was due within a few days.

Finally, Plaintiff argues that Defendants' request for additional discovery "rings hollow in light of their litigation conduct," specifically referencing Defendants' decision to use their deposition time to question Plaintiff about "how he and the Opt-In Plaintiffs formed their attorney-client relationship" with Plaintiff's counsel [Doc. 76 at Page ID # 878]. Plaintiff emphasizes that the statute of limitations continues to run as to any claims held by potential Opt-In Plaintiffs, who may not even have notice of this lawsuit, and Defendants' desire to take additional irrelevant discovery does not justify such "considerable harm" to these individuals [*id.*].

The Court finds, based on the record as presented, that Plaintiff did not unduly delay proposing the SAC, nor does the timing of the Motion indicate bad faith in any way. Defendants have not challenged Plaintiff's timeline following the August 15 deposition of Aubrey's corporate representative, and the Court finds Plaintiff did indeed act diligently to include the overtime allegations after learning about Defendants' overtime pay policies during that deposition. As Defendants do not really object to the SAC on any other grounds, the Court finds justice requires permitting the amendment and will grant the Motion in this regard.

As to the question of additional discovery and amending the phase one scheduling order a third time, the Court has given the issue careful consideration and finds a short extension to the phase one discovery deadline is indeed justified by the SAC, to allow Defendants to depose Ms. Foss, file an answer to the SAC, and file an amended response to the Notice Motion.[3] Whether they constitute a new claim or simply a new factual basis for an existing claim, the new allegations concerning Ms. Foss and Defendants' overtime policies are distinct from those included in the first

[3] In light of Plaintiff's representations that his "proposed Notice and Consent Form contemplates the Court granting Plaintiff Sofsky's Motion for Leave to File Second Amended Complaint by referencing Leonard Sofsky and Jacquelyn Foss as Named Plaintiffs" [Doc. 72 at Page ID # 367 n.2], the Court will not grant additional time for Plaintiff to amend the Notice Motion.

amended complaint. These new allegations are also significant enough that Plaintiff felt it necessary to amend the complaint and add Ms. Foss as a named plaintiff just one day before the Notice Motion was due. Plaintiff's argument regarding harm to potential, future Opt-In Plaintiffs is compelling, particularly considering the language in *Clark* directing district courts to "expedite their decision" on court-facilitated notice "to the extent practicable." 68 F.4th at 1011. Nevertheless, in making this argument, Plaintiff overlooks the substantial delays he himself has already agreed to in this litigation.[4] The Court expects the parties will work cooperatively to arrange for Ms. Foss's deposition at a time and place that is convenient to counsel as well as Ms. Foss. The Court also notes that Defendants have not identified any other discovery they contend is necessitated by the SAC, and the Court will not permit any.

Accordingly, the Motion [Doc. 70] is **GRANTED** as follows:

Plaintiff is **ORDERED** to file the SAC as a separate docket entry before the close of business on **MONDAY, OCTOBER 19, 2026**.

On or before **FRIDAY, OCTOBER 23, 2026,** the parties **SHALL** meet and confer in good faith, by telephone, video conference, or in person, for the purpose of determining a mutually agreeable date, time, and location for Ms. Foss's deposition, which **SHALL** take place on or before **NOVEMBER 6, 2026**. Further, Ms. Foss's deposition **SHALL NOT** exceed three hours in length.

Defendants **SHALL** file an amended response to the Notice Motion on or before **DECEMBER 1, 2026**, and Plaintiff (and Ms. Foss) **SHALL** file their reply on or before **DECEMBER 8, 2026**.

[4] Although the parties agreed in their first joint motion seeking extensions to the phase one deadlines to toll the claims of potential Opt-In Plaintiffs [Doc. 54; Doc. 55], a similar tolling provision was not included in connection with the second round of extensions. [*See* Doc. 59; Doc. 61].

SO ORDERED.

ENTER:

/s/
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE